# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LAWRENCE BREEDLOVE, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Case No. CIV-16-822-HE |
| OKLAHOMA DEPARTMENT OF CORRECTIONS, et al., | ) ) ) ) |
| Respondents. | ) ) |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2241 seeking a writ of habeas corpus. This matter has been referred by Chief United States District Joe Heaton for proposed findings and recommendations consistent with 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons set forth below, it is recommended that the action be transferred to the United States District Court for the Eastern District of Oklahoma.

## DISCUSSION

Petitioner, a prisoner in the custody of the Oklahoma Department of Corrections, is currently incarcerated at the Oklahoma State Penitentiary, McAlester, Pittsburg County, Oklahoma, which is located within the territorial jurisdiction of the Eastern District of Oklahoma. 28 U.S.C. § 116(b). "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000) (citation omitted). Therefore, jurisdiction over the petition is lacking in this judicial district.

The jurisdictional defect may be cured by transfer to any court where the action could have been brought at the time it was filed, provided the transfer is in the interest of justice. *See* 28 U.S.C. § 1631; *see also Haugh*, 210 F.3d at 1150.

In this action, Petitioner challenges the execution of his sentence by Oklahoma prison officials. The Court notes that Petitioner has filed in this judicial district a prior action for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 which included claims similar to those at issue in this action. *See Breed'love v. Mullin*, Case No. CIV-04-826-F (W.D. Okla.).[1] The court denied habeas relief in that action on grounds the claims were either untimely or otherwise lacked merit. *See* Order and J. [Doc. Nos. 34-35] (Jan. 3, 2005).

It appears the § 2241 claims raised in this action may be time-barred or successive to the claims raised in Petitioner's prior action to the extent those claims could be construed as § 2241 claims.[2] But in support of his claims, Petitioner relies on events occurring after the date judgment was entered in the prior action, including further efforts undertaken by Petitioner to exhaust his claims through administrative and judicial processes. *See* Petitioner's Brief in Support [Doc. No. 2]. For these reasons, it is

---

[1] Petitioner expressly brought the prior action pursuant to 28 U.S.C. § 2254 and venue was proper in this judicial district because the challenged state court conviction was entered in the District Court of Oklahoma County, State of Oklahoma, within the confines of this judicial district. *See* 28 U.S.C. § 116(b). The court noted that the petition may have included claims governed by § 2241 but determined the issue did not need to be resolved. *See* R.&R. [Doc. No. 28] at p. 6, n. 34.

[2] Because the claims in this action appear to be governed by § 2241, the "second or successive" bar under the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(b) is not at issue. *See Stanko v. Davis*, 617 F.3d 1262, 1272 (10th Cir. 2010); *see also Sherratt v. Utah Bd. of Pardons & Parole*, 483 F. App'x 534, 535 (10th Cir. 2012).

recommended that in the interest of justice, the action be transferred to the United States District Court for the Eastern District of Oklahoma.

## RECOMMENDATION

It is recommended that the Petition [Doc. No. 1] brought pursuant to 28 U.S.C. § 2241 be transferred to the United States District Court for the Eastern District of Oklahoma.

## NOTICE OF RIGHT TO OBJECT

Petitioner is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by August 16, 2016. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation disposes of all matters referred by the Chief District Judge in this case and terminates the referral.

ENTERED this 26th day of July, 2016.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE